**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000468**
**30-JUL-2026**
**07:58 AM**
**Dkt. 85 SO**

NO. CAAP-24-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TONY TOGIA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-24-0000655)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Tony Togia (**Togia**) challenges his conviction for abuse of family or household members (**Abuse**). We affirm.

Togia appeals from the June 28, 2024 "Judgment of Conviction and Sentence; Notice of Entry" (**Judgment**) entered by the Family Court of the First Circuit (**Family Court**).[1] Following a June 28, 2024 bench trial, Togia was found guilty of Abuse as a petty misdemeanor for "offensive physical contact," in

---

[1] The Honorable Gale L.F. Ching presided.

violation of Hawaii Revised Statutes (**HRS**) § 709-906(6) (2014 & 2024 Supp.),[2] and sentenced to probation.

Togia raises a single point of error, contending the Family Court "erroneously denied Togia's motion for judgment of acquittal [(**MJOA**)] where: (1) the State did not prove facts beyond a reasonable doubt negating his defenses of self-defense and/or defense of others and/or use of force to prevent a crime; and/or (2) the State failed to prove that he possessed the requisite state of mind."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Togia's point of error as follows.

The July 16, 2024 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Verdict of Guilty" (**Verdict**) found Togia guilty of Abuse for squirting baby oil in the eye of his girlfriend, Kimberly Marshall (**Marshall**), during a verbal argument that turned physical after Togia squirted the baby oil. The Verdict contained the following unchallenged FOFs and additional factual findings in COL 10:

> 3. Marshall testified credibly. The following are findings based on Marshall's credible testimony.
>
> 4. On June 21, 2024, Defendant Togia lived with girlfriend, Marshall, at [their address] in Kalihi in the City and County of Honolulu on the island of O'ahu in the State of Hawai'i.
>
> 5. On the evening of June 21, 2024, at around 5:00 P.M., Defendant Togia engaged in a verbal argument with Marshall in their bedroom.  During the course of this argument,

---

[2]      HRS § 709-906(6) provides: "[i]t shall be a petty misdemeanor for a person to intentionally or knowingly strike, shove, kick, or otherwise touch a family or household member in an offensive manner; [or] subject the family member or household member to offensive physical contact[.]"

Defendant Togia picked up his 17 month old daughter whom he shares with Marshall, as well as a small bottle of baby oil.

6. As Defendant Togia passed Ms. Marshall to exit the bedroom, he raised his hand and squirted some of the baby oil into Marshall's eyes and face.

7. Ms. Marshall did not give Defendant Togia permission to squirt the baby oil in her face. The baby oil blurred Marshall's vision and caused her to feel panic and pain.

8. Defendant Togia also testified. Defendant Togia testified credibly. Defendant Togia testified that he and Marshall were boyfriend and girlfriend and that they shared a daughter together. Defendant Togia admitted to squirting baby oil in Marshall's face. Marshall [sic] testified that he did so because Marshall blocked his path out of the house.

. . . .

[(COL)] 10. Marshall credibly testified that she was yelling at Defendant Togia when Defendant Togia passed her and squirted the baby oil in her face. Defendant Togia credibly testified that at the point of him squirting the baby oil, Marshall did not engage in or threaten physical force upon Defendant Togia.

(Emphases added.)

Togia argues the MJOAs were erroneously denied because the State "failed to adduce sufficient evidence negating his defense of self-defense" under HRS § 703-304, "his defense of use of force in defense of others" under HRS § 703-305, and "his defense of use of force to prevent a crime" under HRS § 703-308. Togia also argues "there was no substantial evidence that he possessed the requisite state of mind to subject Marshall to offensive physical contact" because his "intent was to protect himself and others."[3]

_____

[3]     Togia's Amended Opening Brief quotes pertinent transcript passages for the two MJOAs made at the close of the State's case and at the close of all evidence. The supplied record reflects that Togia did not raise the arguments he now raises on appeal at the time he argued each MJOA. See State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general

"On appeal the test for the denial of a motion for judgment of acquittal is that applied to determine sufficiency of the evidence to support the conviction." State v. Davalos, 113 Hawai‘i 385, 389, 153 P.3d 456, 460 (2007) ("[A]lthough different language is sometimes used to describe the standard of review when the denial of a motion for judgment of acquittal is appealed, the test on appeal is actually identical—if there was sufficient evidence to support the conviction, the motion for judgment of acquittal was properly denied; if there was insufficient evidence, the denial of the motion was error." (quoting State v. Okumura, 78 Hawai‘i 383, 403 n.15, 894 P.2d 80, 100 n.15 (1995)). When reviewing evidentiary sufficiency on appeal, the "[e]vidence adduced in the trial court must be considered in the strongest light for the prosecution." State v. Kalaola, 124 Hawai‘i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted).

> The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Id. (citation modified).

Togia's arguments go to the weight of the evidence and reflect disagreement with the Family Court's evaluation of Togia's state of mind and asserted defenses. An "appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses'

---

rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]" (citations omitted)). Assuming arguendo waiver should not apply, we address Togia's arguments on the merits.

credibility or the weight of the evidence." State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000) (citation omitted).  Viewed in the light most favorable to the State, the Family Court's findings -- that Togia admitted to squirting baby oil because Marshall blocked his way out of the house, and that Marshall had not threatened the use of physical force at the point Togia squirted the baby oil -- constitute substantial evidence to support the Family Court's Verdict as the factfinder, and the MJOAs were properly denied.  See FOF 8 and COL 10; Davalos, 113 Hawaiʻi at 389, 153 P.3d at 460; Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115.

For the foregoing reasons, we affirm the June 28, 2024 Judgment, entered by the Family Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, July 30, 2026.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge